UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In Re:                                              Case No: 19-13103-cgm

                                                    Chapter 13

Maritza Acosta Rosario

                    Debtor.
-------------------------------------------------------x

## AFFIRMATION IN OBJECTION TO FEE APPLICATION

Dennis Jose, Esq., an attorney associated with the office of Krista Preuss, the standing Chapter 13 Trustee (the "Trustee") submits the following affirmation.

1. The Trustee's office, in furtherance of its gatekeeping functions, hereby interposes objection to the Debtor's counsel's application for compensation docketed as Docket No. 104 (the "Application").

    **I.   Counsel is seeking total compensation of $13,300.00 which largely appears to be the result of hourly billing for case in chief activities.**

2. The above-captioned Debtor commenced this case with Norma Ortiz, Esq., as Counsel (henceforth "Counsel"). The totality of the fee picture thus far from the Application is as follows:

| | |
|---|---|
| Compensation Sought: | $13,300.00 |
| Retainer Paid: | $5,000.00 |
| Remainder: | $8,836.00 |
| Expenses: | $536.00 (*including payment to Per Diem Counsel*) |

    **II.   The Rule 2016(b) disclosure does not disclose an hourly fee arrangement and sets forth that the Debtor will be charged $5,000.00 as a "FLAT FEE," and additionally, the retainer agreement is not attached to the Application making the Application facially defective.**

3. The Rule 2016(b) disclosure filed in this case states that for legal services Counsel has agreed to accept $5,000.00 as a "FLAT FEE" which was all paid upfront. See *Docket* No. 8, pg. 60 of 62. The 2016(b) disclosure appears to include a review of the Debtor's financial situation, preparation and filing of the bankruptcy petition, representation at the confirmation hearings and meeting of creditors, and other typical case in chief functions. See *Id.*

4. The confusion arises when one compares the Application, the time records attached to it, and the 2016(b) disclosure. See Docket No. 104. The Debtor is being charged hourly for functions such as creating physical and digital folders (09/26/19), consultation/intake (09/26/19), document upload and filing (09/27/19) and a whole host of activities that would presumably be part of the case-in-chief "FLAT FEE". See *Application*, Time Records. To add to the confusion, the retainer agreement is not attached to the Application. There is clearly a disconnect between the "FLAT FEE" arrangement as disclosed on the 2016(b) disclosure and the hourly fees being charged for a whole host of case-in-chief activities in the Application.

5. Rule 2016(b) in turn relates to 11 U.S.C. Section 329 which mandates that:

> (a) Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, *shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation*.
> (b) *If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement*, or order the return of any such payment, to the extent excessive, to—
> (1) the estate, if the property transferred—
>    (A) would have been property of the estate; or
>    (B) was to be paid by or on behalf of the debtor under a plan under chapter 11, 12, or 13 of this title; or
> (2)  the entity that made such payment.

*11 U.S.C. Section 329 (a)* (emphasis added)

6. The Trustee submits that Counsel needs to explain the disconnect between the disclosure, and the Application/Time Records. The Trustee further submits that the Application is facially defective in that it does not attach the relevant retainer agreement.

### III. **The Code requires that the Court to examine the propriety of fee applications, and the Trustee objects to the fee application in this instance as it improperly mixes case in chief activities for which there appears to be a "FLAT FEE" arrangement and others.**

7. Section 330(a)(3) of the Code requires the Court to examine the nature, extent and value of the services and make a determination of the amount of "reasonable" compensation based on factors such as (A) the time spent on such services; (B) the rate charged for such services; (C) whether the services were

2

necessary for the administration of the case; (D) whether the services were performed within a reasonable amount of time, and (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in non-bankruptcy cases. See generally *In re Thorn*, 192 B.R. 52 (Bankr. N.D.N.Y 1995).

8. This Court has seen a vast number of Chapter 13 cases. This Court — as Courts in other jurisdictions have done — can comfortably find that fixed fees are the "prevailing or customary rate for legal services performed in Chapter 13 cases." See *In re Contreras*, 2019 Bankr. Lexis 1331, at 31 (Bankr. S.D.TX 2019). In analyzing the reasonableness of fees in the overall umbrella of 11 U.S.C. 330, Judge Alan Trust in the Eastern District of New York in *In re Datta*, (2009 Bankr. Lexis 1856, 2009 WL 1941974) has referred to a seminal decision by the Seventh Circuit for guidance. The Seventh Circuit reasons that:

> "[R]easonable value is not…always the price that a willing debtor has agreed to pay a willing attorney in the marketplace, for by enacting sections 329 and 330 of the Code, Congress placed limits on the role the market will be permitted to play in setting professional fees in bankruptcy cases. Under section 329(b), the bankruptcy judge must determine the reasonable value of the services provided by the debtor's attorney after considering the surrounding facts and circumstances, including the customary fee in comparable cases. It is clear, then, that under section 329, an attorney… is not always entitled to the fee that the debtor has agreed to pay him. If that were true, Congress would essentially have performed a meaningless act when it authorized bankruptcy courts to review the fees of debtors' counsel and to take either of the authorized actions if the fees are found to be excessive."

*In re Geraci* 138 F. 3d 314 at 320 (7th Cir 1998).

9. An appropriate fee for a chapter 13 case in this Jurisdiction ranges from $3,000.00 to $5,500.00 for the case-in-chief with loss mitigation and non-regular motion practice such as sections 522(f) and 506 motions being carved out of the initial retainer. The Application in this case presents time records that depict a mixture of case-in chief activities and non-case in chief activities, all of which are billed hourly. Case in chief activities billed for include preparation of the petition, filing documents including schedules and plans, uploading documents to the Trustee, charges for attending the 341 meeting, communications with client, communications with appearance counsel, preparations for confirmation hearings, amending trustee submissions, all being billed at an hourly rate. *See Application,* Time Records. The expenses depicted even include payments to per diem counsel. See I*d.* This is all in the context of the 2016(b)-disclosure indicating a "FLAT FEE" for case-in-chief activities. The retainer agreement was not attached

3

to the Application. For the reasons set forth above, the Trustee respectfully requests that the Application be denied.

WHEREFORE, the Trustee requests that the Court deny the Application and/or provide such other and further relief as it deems appropriate.

Date: White Plains, New York  
June 17, 2021

Office of Krista Preuss, Standing Chapter 13 Trustee

/s/ *Dennis Jose*  
By: Dennis Jose, Esq.

4